IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHELLE M. REED and JULIA K. MCLINDEN, individually and on behalf of a collective of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>METHODIST HEALTH SERVICES CORPORATION, an Illinois Corporation, d/b/a UNITYPOINT HEALTH- PEKIN HOSPITAL, UNITYPOINT HEALTH - METHODIST HOSPITAL & UNITYPOINT HEALTH - PROCTOR HOSPITAL; and PROGRESSIVE HEALTH SYSTEMS,<br><br>Defendants. | No. 1:19-cv-1412-JES-TSH |

## ORDER OF DISMISSAL

The Court having reviewed the parties' Joint Motion (Doc. 35) seeking approval of the parties' Settlement Agreement and Release in Full, and the Court have reviewed the terms of the parties' Settlement Agreement (Doc. 34 filed under seal), the Court finds as follows:

A.  The parties' Settlement Agreement is the product of contentious arm's-length negotiations, which were undertaken in good faith by counsel for the parties;

B.  The background facts and law relating to the parties' dispute demonstrated the existence of serious questions of law and fact, including the applicability of exemptions under relevant federal statutory and case law, and the amount of unpaid time allegedly worked by Plaintiffs, such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation;

C. After reviewing (1) the complexity expense, and likely duration of the litigation; (2) the state of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation, the proposed settlement appears to the Court to be reasonable and fair; and

D. The parties have been ably represented by counsel well-versed in the FLSA and the complexity and cost of collective litigation under the FLSA. For these reasons,

IT IS HEREBY ORDERED that

1) The Court grants the parties' Motion (Doc. 35) for approval of the proposed Confidential Settlement Agreement and Release in full, and grants final approval of the settlement of this matter, including the proposed apportionment of the settlement proceeds; and

2) This matter is dismissed with prejudice.

IT IS SO ORDERED.                                          s/James E Shadid

5-11-21

*Judge James E. Shadid*
*United States District Judge*